23 F.3d 190
 29 Fed.R.Serv.3d 339
 Jerry G. WILLIAMS and Theresa Williams, Plaintiffs-Appellees,
v.
Allen B. KATZ and Goldberg, Fohrman, Weisman & Cairo,
Limited, Defendants-Appellees.
Appeal of UNITED AIRLINES, INCORPORATED, Intervening
Petitioner, Appellant.
 No. 93-3332.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 22, 1994.
Decided May 5, 1994.
Rehearing Denied June 8, 1994.
 
 Mark S. Grotefeld (argued), Aneta B. Sunaitis, Robins, Kaplan, Miller & Ciresi, Chicago, IL, John P. Borman, Robins, Kaplan, Miller & Ciresi, St. Paul, MN, for plaintiffs.
 Elliot R. Schiff, Craig Wynn Church (argued), Kevin F. Donohue, O'Connor, Schiff & Myers, Chicago, IL, for defendant-appellee.
 Erica Nan Goldmann, John Francis O'Reilly, Thomas W. Weber (argued), Wiedner & McAuliffe, Chicago, IL, for appellant.
 Before POSNER, Chief Judge, and COFFEY and ROVNER, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 We are asked to decide whether under the law of Illinois an employer that pays workers' compensation benefits to an injured employee may ever assert a lien in a judgment or settlement obtained by the employee in a suit for legal malpractice. The issue, a novel one in Illinois, has divided the other appellate courts to consider it. Compare Toole v. EBI Cos., 314 Or. 102, 838 P.2d 60 (1992); McDowell v. LaVoy, 63 A.D.2d 358, 408 N.Y.S.2d 148 (1978), aff'd, 47 N.Y.2d 747, 417 N.Y.S.2d 255, 390 N.E.2d 1179 (1979); and Tallerday v. Delong, 68 Wash.App. 351, 842 P.2d 1023 (1993), all answering "yes," with Sladek v. K Mart Corp., 493 N.W.2d 838 (Ia.1992); Travelers Ins. Co. v. Breese, 138 Ariz. 508, 675 P.2d 1327, 1331-32 (App.1983); Soliz v. Spielman, 44 Cal.App.3d 70, 118 Cal.Rptr. 127 (1974), and Wausau Ins. Cos. v. Fuentes, 215 N.J.Super. 476, 522 A.2d 440 (App.1986), all answering "no." The court in Sladek acknowledged, however, that its interpretation was contrary to the policy of the statute, 493 N.W.2d at 841; and in Fuentes the language of the statute was stronger for the plaintiff than it is in our case.
 
 
 2
 Jerry Williams, a baggage handler for United Airlines, injured his arm at work. Two doctors failed--negligently, we may assume--to diagnose a ruptured biceps tendon. Williams claims to have suffered severe and permanent injury as a result of this failure. He obtained workers' compensation benefits in the amount of $226,000 from United. He asked the lawyers who were representing him in the workers' compensation case whether he might have a medical malpractice claim against the doctors. The lawyers are alleged to have dithered until the statute of limitations expired, so Williams (and his wife, who would have been a coplaintiff in his medical malpractice suit had one been filed, seeking damages for loss of consortium) filed with the aid of a new lawyer this diversity suit charging legal malpractice and seeking $3 million in damages. Pre-trial discovery is under way.
 
 
 3
 United Airlines moved to intervene in the legal-malpractice suit, as of right, under Fed.R.Civ.P. 24(a), claiming a lien of $226,000 against any judgment or settlement received by Mr. Williams (but not his wife) in the suit. The basis of this claim is section 5(b) of the Illinois workers' compensation statute, 820 ILCS 305/5(b), which provides that "where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages," suit may be brought against such person; and if the suit is brought by the employee or his representative, "the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." The district court denied the motion to intervene, holding that the lawyers whom Williams has sued are not the sort of third party to whom the Act refers, so United has no lien and hence no basis for intervening. United has appealed from this order. We must consider first whether it is appealable.
 
 
 4
 The order does not of course wind up the suit in the district court, so it is not conventionally final. But it is final as to United, which having been denied the status of a party will never be able to appeal again in this proceeding unless the order denying intervention is reversed now. Marino v. Ortiz, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988) (per curiam); United States v. City of Chicago, 870 F.2d 1256, 1258 (7th Cir.1989). An order denying intervention was held appealable on this ground in Brotherhood of Railroad Trainmen v. Baltimore & Ohio R.R., 331 U.S. 519, 524-25, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646 (1947), without reference to the collateral order doctrine (on which see, e.g., Crist v. Miller, 846 F.2d 1143 (7th Cir.1988)), which had not yet crystallized. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). In Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377-78, 107 S.Ct. 1177, 1182-83, 94 L.Ed.2d 389 (1987), the Supreme Court, citing Railroad Trainmen, confirmed the continued validity of the special doctrine of that case. See also Marino v. Ortiz, supra, 484 U.S. at 304, 108 S.Ct. at 587.
 
 
 5
 The order denying United's petition to intervene is therefore appealable, although we note in the interest of doctrinal simplification that the same conclusion would be reached under the collateral order doctrine, making the special rule based on Railroad Trainmen superfluous. The question whether United has a lien in any recovery that Williams obtains in his malpractice suit, and hence a stake in the conduct of the suit, is entirely separate from ("collateral to") the questions in the suit itself, which have to do with the defendants' alleged malpractice and the damages that it caused the plaintiffs. And the order denying intervention will not be effectively reviewable if and when the final judgment that may eventually be entered in the malpractice suit is appealed. Although there are plenty of exceptions to the rule that nonparties may not appeal, 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure Sec. 3902.1 (2d ed. 1992), the Marino and City of Chicago cases cited above hold that a person who has been refused intervention may not appeal from the final judgment in the suit unless he can get the order denying his motion to intervene reversed. See also id., Sec. 3902.1, at p. 112. This is not critical if the would-be intervenor's interest is adequately represented by any of the existing parties to the suit, but there would be no right to intervene in such a case in any event. The right depends on the inadequacy of representation by existing parties (Fed.R.Civ.P. 24(a)) and if that is the situation then by definition review at the end of the case may come too late--the plaintiff may have kissed away the intervenor's interest by settling the case for less than the value of that interest.
 
 
 6
 The plaintiffs may be adequate representatives of United Airlines in this case, in which event as we have just noted Rule 24(a) would not apply even though United had a lien. This is so even though the Illinois workers' compensation statute expressly entitles the employer to intervene to protect his lien. That right, as opposed to the lien itself, is a purely procedural right and even in a diversity suit it is the Federal Rules of Civil Procedure rather than state law that dictate the procedures, including who may intervene, to be followed. Venegas v. Skaggs, 867 F.2d 527, 530 n. 2 (9th Cir.1989), aff'd under the name Venegas v. Mitchell, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Sec. 1905 (2d ed. 1986). If Williams gets anywhere near $3 million from the defendants there will be plenty for United if it really does have a lien. But remember that this is the joint demand of himself and his wife and, this point to one side, if it turns out that his claim is really worth little or nothing more than the amount of the lien he may abandon the suit, having lost his incentive to pursue it. But as the question of adequate representation is the question on the merits of the intervention, it is one to be addressed by the district court in the first instance. All we have to decide is whether that court erred in denying the motion to intervene because United has no lien. We have jurisdiction to decide that question.
 
 
 7
 Williams, who naturally does not want to share any part of any recovery he may obtain from the defendants with United Airlines, argues that United has no lien because the defendants, who are lawyers, did not injure his arm and the only type of suit in which the Illinois Worker's Compensation Act recognizes an employer's lien is a suit against the employee's injurer. But that is not what the Act says. It recognizes an employer's lien whenever the injury occurred "under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages." The injury to Williams occurred in circumstances that made his lawyers potentially liable for the consequences of the injury. This can be seen by considering the nature of the damages that Williams seeks to recover from them. He seeks exactly the same damages that he would have sought from the doctors had he been able to bring a timely suit against them--the medical expenses, the lost earnings, the disfigurement, the pain and suffering, caused by the negligent doctors. It is as if Illinois were a direct-action state and the plaintiff, rather than suing the doctors, had sued the doctors' malpractice insurers.
 
 
 8
 We do not know what price tag a jury would set on Williams's injury, but let us say it would be $500,000. Then if United were not permitted to assert its lien, Williams would be overcompensated. By how much we do not know; it depends on how much of the $226,000 workers' compensation award was for the injury caused by the accident and how much for the aggravation of that injury by the doctors. Suppose it was half and half. Then if United is not permitted to assert its lien Williams would receive $613,000 ($500,000 + $226,000/2) to compensate him for a total loss of only (by hypothesis) $500,000. The provision in the worker's compensation act entitling the employer to a lien is designed to head off just this kind of windfall. J.L. Simmons, Inc. v. Firestone Tire & Rubber Co., 108 Ill.2d 106, 90 Ill.Dec. 955, 958, 483 N.E.2d 273, 276 (1985). In the variant of this case that we have just put, the doctors' negligence claimed two victims: United, to the extent that it had to pay extra worker's compensation benefits to Williams because of that negligence, and Williams, to the extent that those benefits fall short of his total loss. The lien provision enables the damages from an industrial accident to be apportioned among the actual victims. Page v. Hibbard, 119 Ill.2d 41, 115 Ill.Dec. 544, 518 N.E.2d 69 (1988). Of course a jury might undervalue a plaintiff's damages, and then if he is forced to share them with the employer he may not receive full compensation, whereas if he could keep them he might. But juries are not famous for being stingy with tort plaintiffs.
 
 
 9
 Williams insists that any damages he receives in this suit will be in respect of the injury inflicted on him by the lawyers and that this is not the kind of injury to which the Act refers. He is being excessively literal-minded. The only damages he seeks from the lawyers are the damages he would have obtained in a timely suit against the doctors, and those damages arise from the injury to his arm for which United gave him benefits. The statutory language dates back to the Workmen's Compensation Act of 1913, Sec. 29, Ill.Laws 1913, pp. 335, 354, and although legal malpractice was already recognized as a tort, Priest v. Dodsworth, 235 Ill. 613, 85 N.E. 940, 942 (1908), there were virtually no cases until quite recently and it is therefore no surprise that the statutory language does not clearly encompass such claims. But neither does it clearly exclude them.
 
 
 10
 Now it is true that the statute entitled United to bring its own suit against the doctors. If that suit failed because of legal malpractice by lawyers retained by United, United would have the same type of claim against its lawyers as the Williamses have against theirs. United did not have to wait for the plaintiffs to sue (or not sue) and then assert a lien. But the statute creates alternative routes to recovery by the employer, rather than conditioning the right to assert a lien on the employer's having brought his own suit. Such a condition would not make good sense. If the employer brought his own suit he would not need to assert a lien in someone else's suit, and an interpretation of the statute that placed pressure on the employer to bring his own suit would have the consequence that every suit brought by a worker against a third party would have at least two plaintiffs (three in this case). It makes more sense for the worker, who usually has the bigger stake in such a suit, to bring the suit and let the employer watch from the sidelines. United wants to intervene to protect its stake, not to wrest control of the litigation away from the Williamses' (present) lawyers or participate in pretrial discovery or in the examination and cross-examination of witnesses or in the other active stages of the suit. It is noteworthy that the employer's right to bring his suit does not spring into existence until three months before it would be barred by the statute of limitations. 820 ILCS 305/5(b). This suggests that the norm is for the employee to sue, and the employer to intervene if necessary to protect his interest.
 
 
 11
 We conclude that United Airlines has a lien in any recovery that Mr. Williams may obtain on his claim in this lawsuit. The remaining question, which is for the district court in the first instance, is whether United's interests are adequately represented by Williams. If not, United is entitled to intervene.
 
 
 12
 REVERSED AND REMANDED.