**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Michael D. WOZNIAK, Kim W. Girkins, and Aureus Capital, Limited, Defendants.**

**Appeals of Scott BERNARD and Steven BERNARD.**

**Nos. 94–1534, 94–1694 to 94–1696.**

United States Court of Appeals, Seventh Circuit.

Submitted July 7, 1994.

Decided Aug. 15, 1994.

Rehearing Denied Sept. 7, 1994.

Jacob H. Stillman (Submitted), Lucinda O. McConathy and Christopher Paik, S.E.C., Office of the Gen. Counsel, Washington, DC, for plaintiff-appellee.

Peter B. Shaeffer, Chicago, IL, for defendant, Kim W. Girkins.

Scott Bernard, pro se.

Steven Bernard, pro se.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

POSNER, Chief Judge.

The Securities and Exchange Commission brought suit under 15 U.S.C. § 77v(a) against the perpetrators of a Ponzi-type securities fraud. The suit, which sought to recover the proceeds of the fraud for distribution to the swindled investors, was successful in recovering a substantial amount of money. A judgment was entered distributing the money among the investors, including Steve Bernard, so that each would recover about 40 percent of his losses. Bernard had filed objections to the plan of distribution proposed by the SEC, but did not seek to intervene in the suit, and the district judge rejected his objections en route to entering the judgment approving the plan. Bernard's brother, Scott Bernard, who may also have invested money with the defendants although if so in Steve's name rather than his own (or so it appears), did move to intervene in the suit. But the district judge denied his motion and Scott did not appeal from the denial at that time. The brothers have filed appeals from the judgment, however, and in his appeal Scott challenges the denial of his motion to intervene. Meanwhile the plan of distribution has been executed and the money that was recovered by the SEC in the suit has been distributed to the fleeced investors in accordance with the plan. The SEC asks us to dismiss the appeals.

The general rule is that only a party may appeal from a judgment; and while, as we noted recently in *Williams v. Katz*, 23 F.3d 190, 192 (7th Cir.1994), there are exceptions, the Bernards have not pointed us to any that might be applicable here. *Marino v. Ortiz*, 484 U.S. 301, 304, 108 S.Ct. 586, 587–88, 98 L.Ed.2d 629 (1988) (per curiam), refused to recognize an exception in a paral-

lel case involving an effort by non-parties to a litigation to appeal from the consent decree that terminated it. In refusing, the Court expressly disapproved (see *id.* at 304, 108 S.Ct. at 587–88) a Second Circuit dictum on which that court later relied to permit a nonparty to appeal in a case similar to the present one. *SEC v. Certain Unknown Purchasers,* 817 F.2d 1018, 1021 n. 1 (2d Cir. 1987). After *Marino,* the Second Circuit's decision cannot be considered authoritative.

Once the district court denied Scott Bernard's motion to intervene, it behooved him if he wanted to bring the court's judgment to us for review to appeal from the denial of the motion. He could not wait until the case was over in the district court to challenge the denial of the motion, for by waiting he remained in the status of a non-party, ineligible to appeal and therefore incapable of bringing up the order denying intervention. *B.H. v. Murphy,* 984 F.2d 196, 199 (7th Cir.1993); see also *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 378, 107 S.Ct. 1177, 1183, 94 L.Ed.2d 389 (1987). And Steve Bernard did not even try to intervene in the district court.

■ Without an appeal, we have no jurisdiction; and ordinarily there would be no more for us to say. We do not have the power to decide cases of which we lack jurisdiction, for jurisdiction is power to decide. The Bernards, however, are proceeding in this matter without the aid of counsel, and we should not want them to think that their attempt to appeal must fail only because of a technicality unintelligible to a nonlawyer. So we add that even if the Bernards had perfected their appeals we would have to dismiss because the money recovered from the defendants has already been distributed to the defrauded investors. The principle is well established in the bankruptcy arena: if a plan of reorganization has been carried out, so that providing relief to an objector to the plan would require rescinding it and forcing a host of innocent third parties (the other creditors) to return the money, securities, or other things of value that they had obtained pursuant to the plan, the court will not entertain the objection. *In re UNR Industries, Inc.,* 20 F.3d 766, 769 (7th Cir.1994); *In re*

*Envirodyne Industries, Inc.,* 29 F.3d 301, 303–04 (7th Cir.1994).

■ We cannot find a case in which the principle has been applied to a suit by the SEC, the EEOC, or some other federal or state agency to recover a fund for the benefit of persons injured by violations of the statute that the agency enforces. But we have no doubt that the principle (overlooked in *Certain Unknown Purchasers*) is equally applicable to such suits. For it is a principle not of or limited to bankruptcy law, but of equity: the interests of third parties must be considered in deciding whether to grant a particular form of relief. *Id.* at 303–04. To award the Bernards a larger share of the proceeds of the SEC suit than allotted them by the plan of distribution would, at this late date, the proceeds having been distributed, require the district court to order each of the other investors to return a part of the proceeds they had received. So unexpected a command could cause considerable disruption in the affairs of those investors. The better course, and the one that the law required the Bernards to follow, was for them to move the district judge to stay the distribution pending the determination of their status as parties to the suit and, if the motion was denied, to seek a stay in this court. The Bernards are not culpable for having failed to follow this route. But because they failed to follow it the other investors, here represented by the SEC, have a compelling equitable objection to the reopening of the matter and the recalculation of the shares.

We understand the Bernards' distress at having been victimized by the defendants and at what they consider the unsatisfactory course of the remedial proceedings. But they must school themselves to understand that the law is not a universal balm and that they have no legal remedy in this instance.

DISMISSED.