NO.  5-96-0696

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT 

_________________________________________________________________

JAMES WOODWARD,                   )  Appeal from the

                                  )  Circuit Court of

     Plaintiff-Appellee,          )  Madison County.

                                  )

v.                                )

                                  )

PRATT, BRADFORD & TOBIN, P.C.,    )  No.  95-L-190

                                  )

     Defendant-Appellee           )

                                  )  Honorable

(The Home Insurance Company,      )  Phillip J. Kardis,

Intervenor-Appellant).            )  Judge, presiding.

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:

In October 1989, James Woodward, an employee of John Morrell & Company, was injured during the course of his employment.  The injury occurred in St. Louis County, Missouri, allegedly as a result of a defective pallet truck manufactured by Crown Central Corporation (Crown).

In November 1989 Woodward retained the firm of Pratt, Bradford & Tobin, P.C. (Pratt), to represent him.  A claim was filed on Woodward's behalf with the Illinois Industrial Commission.  Illinois's jurisdiction over the workers' compensation claim was challenged by the employer, but for reasons not pertinent here, the commission found that it had jurisdiction and that Illinois law applied.  As a result, the employer's insurance carrier, Home Insurance Company (Home), ultimately paid out benefits to Woodward in an amount exceeding $155,000.

On April 4, 1994, 4½ years after the injury occurred, the Pratt firm filed suit on Woodward's behalf against Crown in the circuit court of Madison County, alleging theories of strict liability and negligence in the design and manufacture of a pallet truck being operated by Woodward.  It was alleged that these design/manufacturing defects caused injuries to Woodward.  The injuries that were the subject of the lawsuit against Crown were the same injuries for which Home had paid workers' compensation benefits.

On April 25, 1994, the law firm of Evans & Dixon (Home's attorneys) wrote to the Pratt office inquiring about the status of the case against Crown.  On April 27, 1994, the Pratt firm mailed to Evans & Dixon a copy of the complaint that had been filed against Crown, along with a letter promising to keep Home updated on developments.  On May 18, 1994, Evans & Dixon again wrote the Pratt firm.  Receipt of a copy of the complaint was acknowledged, and a request to be kept advised of developments was reiterated.  

As some point thereafter, the suit against Crown was removed to the United States District Court for the Southern District of Illinois.  It was apparently contended in that case that Missouri's five-year limitation period should apply and not the two-year limitation period in Illinois.  On January 17, 1995, the district court dismissed the case on statute of limitations grounds.

Following the dismissal of his case in federal court, Woodward filed suit against the Pratt firm on February 21, 1995, alleging legal malpractice.  On May 18, 1995, Home moved to intervene and file its workers' compensation lien against any recovery Woodward might receive from his suit in the legal malpractice case.  Leave to intervene was granted over Woodward's objection.  Thereafter, Woodward moved to dismiss the claim filed by Home, alleging that any recovery in the attorney malpractice case was not subject to the workers' compensation lien.  The circuit court granted the motion to dismiss, and Home appeals.

Home raises several issues on appeal.  They will be considered in order.  Because issues one and two are closely related, they will be discussed together.  

Home states issues one and two as follows:

"1. Whether [section 5(b)] of the Illinois Workers' Compensation Act [(820 ILCS 305/5(b) (West 1994))] authorizes an employer's workers' compensation insurer, which has paid workers' compensation benefits to an injured employee, to attach its lien to the proceeds of the employee's pending legal malpractice action to recover damages from an attorney who failed to timely institute an action against a third-party tortfeasor responsible for the worker's injury.

2. Whether an employer or workers' compensation insurer forfeits its right to intervene and to file a lien on an injured employee's third[-]party suit if the attorney for the employer/insurer fails to independently file suit pursuant to [section] 5(b)."

All parties agree that no Illinois case has previously addressed these issues specifically.  

We believe that certain general principles must first be discussed.  It is fundamental and indisputable that if an injured employee receives benefits under the Illinois Workers' Compensation Act, a lien in favor of the employer (or the employer's insurer) attaches to any recovery the employee might receive from a tortfeasor who caused the injury for which benefits were paid.  
Kimpling v. Canty
, 13 Ill. App. 3d 919, 300 N.E.2d 839 (1973).  In this decision, when discussing an employer or the employer's insurer, we consider them to be synonymous.  

The following statute, section 5(b) of the Workers' Compensation Act (Act), both creates the lien and describes the circumstances under which the lien attaches.

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act.  In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act [(820 ILCS 305/8(a) (West 1994))].

Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement.

If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which the suit is brought, filing proof thereof in the action.  The employer may[] at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection.  No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent is not required where the employer has been fully indemnified or protected by Court order.

In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."  820 ILCS 305/5(b) (West 1994).

If Woodward had succeeded in his action against Crown, any recovery would have been subject to the workers' compensation lien held by Home.  Our case is not that simple.  In this case, we are confronted with deciding whether the lien attaches to a potential recovery from an attorney or law firm which allegedly committed malpractice by allowing the statute of limitations period to expire on the underlying suit against the tortfeasor that caused the injury.

Home claims that the lien attaches to any recovery from the attorneys.  It argues that section 5(b) is akin to a common law right of subrogation (citing 
Chicago Transit Authority v. Yellow Cab Co.
, 110 Ill. App. 3d 379, 442 N.E.2d 546 (1982)), and that its purpose is to prevent a double recovery.  
West v. Western Casualty & Surety Co.
, 846 F.2d 387 (7th Cir. 1988).

Home relies heavily upon 
Williams v. Katz
, 23 F.3d 190 (7th Cir. 1994), for the proposition that the lien attaches to any recovery that Woodward might make in his attorney malpractice case.  The court in 
Katz
, after analyzing various authorities and the language of section 5(b), concluded that the lien does attach to a legal malpractice settlement or award.  The facts of that case are  similar although not identical to the case at bar.  

In 
Katz
, the plaintiff was injured on the job.  During the course of his treatment, the plaintiff was allegedly harmed due to medical malpractice.  The lawyers handling the workers' compensation case were asked by the plaintiff whether he might have a medical malpractice case.  The attorneys allegedly "dithered" and allowed the statute of limitations period to expire on the medical malpractice case.  This led to the legal malpractice case.  
Katz
, 23 F.3d at 190-91.  

The court in 
Katz
 concluded that section 5(b) does not limit the employer's lien to the employee's "injurer" but rather permits an employer's lien "under circumstances creating a legal liability for damages on the part of some person other than his employer ***."  
Katz
, 23 F.3d at 192.  The court concluded that the attorney was such a person.  The court also held that it was of no consequence that the employer under the statute could have filed suit itself before the statute of limitations period expired.  
Katz
, 23 F.3d at 193.

Home also cites cases from several jurisdictions other than Illinois in support of its argument.  We have reviewed these cases and find them of limited assistance because the language of our statute is what controls the lien.

We begin our analysis by considering what a lien is.  "A lien is recognized to be a charge upon property, either real or personal, for the payment or discharge of a particular debt ***."  
Gaskill v. Robert E. Sanders Disposal Hauling
, 249 Ill. App. 3d  673, 676, 619 N.E.2d 235, 237 (1993).  A lien can only be created by an explicit or implicit agreement of the parties or by some fixed rule of law usually found in a statute.  A court cannot create a lien in the absence of such an agreement or fixed rule of law.  
Freer v. Hysan Corp.
, 108 Ill. 2d 421, 427, 484 N.E.2d 1076, 1080 (1985).  It is therefore not this court's role to create a lien.  If none is created by section 5(b), then no lien exists.  The terms of the statute must control.

Next, we must determine what property the Home lien attached against.  Woodward, prior to the expiration of the statute of limitations period, had a cause of action against Crown.  It is clear that under section 5(b) Home had a lien against any recovery from Crown.  The statute recognizes that in some cases the plaintiff may not file his case at all.  Therefore, the statute permits the employer to file the action at any time during the three months prior to the expiration of the statute of limitations period.  During this three-month period, "the right of the employer to sue is not a new cause of action created by [the Act] but is the employee's right of action taken from him and transferred to the employer."  
Joseph Schlitz Brewing Co. v. Chicago Rys. Co.
, 307 Ill. 322, 327, 138 N.E. 658 (1923); see also 
People ex rel. Illinois Department of State Police v. Mamok
, 247 Ill. App. 3d 366, 369, 617 N.E.2d 310, 312 (1993).

Why provide this right to the employer?  It is apparent that the legislature recognized that the lien attaches pursuant to the express terms of section 5(b) against any recovery from the tortfeasor that caused the injury that led to the workers' compensation payments.  If the statute of limitations period expires, the cause of action and right to sue held by the injured worker and the employer is lost.  If that cause of action is lost, then no recovery can be made against the tortfeasor and the employer's lien will then attach against nothing.

Therefore, section 5(b) grants the employer two distinct rights.  First, if the employee files suit within the statute of limitations period against the tortfeasor that caused his injury, the employer has a lien on any recovery.  Second, if no suit is filed by the employee, then during the last three months before the limitations period expires, the action is "transferred" to the employer, who may then file the 
same suit
 against the tortfeasor that the employee could have filed.

In the 
Katz
 decision, the United States Court of Appeals stated:  "[Plaintiff] insists that any damages he receives in this suit will be in respect of the injury inflicted on him by the lawyers and that this is not the kind of injury to which the Act refers.  He is being excessively literal-minded."  
Katz
, 23 F.3d at 193.  While we have great respect for that court, we respectfully disagree.  There is no lien except by virtue of the statute.  The court cannot create a lien not provided for by the statute, no matter how desirable the court may believe that result to be.  
Freer
, 108 Ill. 2d 421, 484 N.E.2d 1076.  Paragraph 1 of section 5(b) states that "[w]here the 
injury
 or death 
for which compensation is payable
 under this Act 
was caused
 under circumstances creating a legal liability for damages on the part of 
some person
 other than his employer to pay damages" (emphasis added) (820 ILCS 305/5(b) (West 1994)), a lien arises against any recovery from such other person.  The plaintiff's allegedly negligent lawyers did not 
cause
 the injury which led to compensation payments.  The third paragraph of section 5(b) states that "the employer may have or claim a lien upon any award *** out of which such employee might be compensated from 
such third party
."  (Emphasis added.)  820 ILCS 305/5(b) (West 1994).  This third party is the "injurer" whose acts or omissions caused the expenditure of medical and hospital payments (
Hartford Accident & Indemnity Co. v. Cummings
, 66 Ill. App. 3d 704, 707-08, 384 N.E.2d 119, 122 (1978)), not the lawyer who was allegedly negligent in failing to sue the injurer.

When the statute of limitations period expires, the cause of action and right to sue is barred.  
Anderson v. Wagner
, 79 Ill. 2d 295, 402 N.E.2d 560 (1979).  
Both
 the employee and employer are barred.  It is important to note that the cause of action contemplated by section 5(b) is expressly stated to be a cause of action for "injury" or "death".  Once the limitations period expires, both the employee and the employer lose their cause of action for injury or death.  The new cause of action then held by the employee against his attorney is not for injury or death.  Rather, any damages recovered are for "pecuniary injuries to intangible property interests".  
Christison v. Jones
, 83 Ill. App. 3d 334, 338, 405 N.E.2d 8, 10 (1980).  The legal malpractice action is personal and nonassignable.  
Christison v. Jones
, 83 Ill. App. 3d at 338-39, 405 N.E.2d at 10; 
Brocato v. Prairie State Farmers Insurance Ass'n
, 166 Ill. App. 3d 986, 520 N.E.2d 1200 (1988).

As stated previously, the employer is granted two rights by section 5(b):  (1) a lien on plaintiff's recovery against a "person" who is liable within the meaning of the statute and (2) the right to sue that "person" if the employee does not.  How can Home sue Pratt for failure to file within the limitations period when no attorney-client relationship exists between Home and Pratt and Pratt owed no duty to Home to file any suit?  The only duty owed was to Woodward, and Home could have filed suit itself against Crown at any time within three months prior to the expiration of the limitations period.  Thus, a failure to file a timely action by Pratt could not possibly be a proximate cause of any injury to Home.  Both Woodward and Home lost their cause of action against Crown when neither timely filed (
People v. Mamok
, 247 Ill. App. 3d 366, 617 N.E.2d 310 (1993)), and Home lost its lien.

No other result is possible.  Consider the following hypothetical set of facts.  If Pratt is one of the "other persons" referred to in section 5(b), then Home would have a lien on a recovery by Woodward from Pratt.  But along with the lien, Home would also have a right to directly sue Pratt within three months of the expiration of the legal malpractice limitations period.  Assume Woodward told Pratt not to sue Crown.  Home would not know this.  It would be privileged.  Assume that as the expiration of the legal malpractice limitation period approached, Woodward had not sued Pratt under our assumed set of facts.  Home would have a three-month window to do so.  But if Home sued Pratt for malpractice, Pratt could not defend himself.  His client, in a privileged communication, had instructed him not to sue Crown.  He could never disclose this.  The simple fact is that Pratt owed no duty to Home.  That is why Home cannot sue Pratt.  It is also why no lien attaches to a recovery from Pratt.  In contrast, Crown owed a duty to Woodward that was breached when Woodward was injured.  That breach of duty gave rise to cause of action in favor of Woodward and an obligation to pay compensation benefits on the part of Home.  The obligation to pay benefits ripened into a lien against any sums recovered by Woodward from Crown, and during the three months before the limitations period expired, the cause of action against Crown was transferred to Home.  After the statute of limitations period expired, Home lost both its lien and right to sue.

It is obvious that the original tortfeasor or "injurer," as the 
Katz
 court describes him, is the party that proximately caused a workers' compensation obligation to arise.  Home could have prevented any injury to itself that might be related to Pratt's alleged failure to timely file simply by suing the underlying tortfeasor itself.  Does Home actually have a malpractice case against its own attorneys, and not a lien on any recovery Woodward might receive from Pratt?  If Home has a right to sue Pratt, does Woodward have a reciprocal right to also sue Home's attorneys for failing to file a timely suit?  Home answers in the negative.  It argues that it merely had a right to sue, not a duty to sue.  Perhaps so, perhaps not.  We need not decide that issue today.  We do believe, however, that the lien was extinguished when 
both
 Pratt and Home failed to timely file.  The cause of action against Crown was barred.

Home argues that denying it the right to impress a lien on the malpractice recovery would allow Woodward a double recovery.  The same argument has been made by employers in the case of workers' compensation claimants who were injured by uninsured motorists.  It is settled that the section 5(b) lien does not attach to payments of uninsured motorists coverage even though the damages recovered are the same as would have been received if the negligent motorist had carried automobile liability insurance.  Further, the employer has no right to file the uninsured motorist claim itself, even if the injured employee fails to make the claim.  The uninsured motorist claim is a different and separate cause of action from an action for damages against the negligent person that caused the "injury".  This is true even though the elements of damage are identical in both claims.  
Terry v. State Farm Mutual Automobile Insurance Co.
, 287 Ill. App. 3d 8, 677 N.E.2d 1019 (1997); 
Hartford Accident & Indemnity Co. v. Cummings
, 66 Ill. App. 3d 704, 384 N.E.2d 119 (1978).  The court in 
Katz
 failed to understand the distinction between the two causes of action and failed to even consider the 
Cummings
 case despite the fact that it was bound to apply Illinois law.  
Erie R.R. Co. v. Tompkins
, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938).

We conclude with respect to issue one that the workers' compensation lien does not attach against any legal malpractice award.  We further conclude with respect to issue two that under the facts of this case the workers' compensation insurance carrier may not intervene in the legal malpractice case.

Home states issue three as follows:

"3. Whether the trial court's Order of May 22, 1996 dismissing the workers' compensation insurer's action to assert a lien under [section] 5(b) must be vacated because it was based on facts without support in the record and on erroneous conclusions of law."

Home asserts that we must review this matter 
de novo
, and it cites 
Nikolic v. Seidenberg
, 242 Ill. App. 3d 96, 610 N.E.2d 177 (1993).  We agree.  Because we have reviewed this matter 
de novo
, whether the trial court's ruling was based on matters without record support is irrelevant.

Finally, for its fourth issue Home claims:

"4. Whether the trial court's Order of Dismissal dated May 22, 1996 must be vacated because Plaintiff's Motion to Dismiss failed to designate whether it and the subsequent order were pursuant to [section 2-615 or 2-619 of the Code] of Civil Procedure [(735 ILCS 5/2-615, 2-619 (West 1994))].

Where no prejudice results from such a failure to designate the motion, the failure is harmless.  
Premier Electrical Construction Co. v. LaSalle National Bank
, 115 Ill. App. 3d 638, 450 N.E.2d 1360 (1983).  We consider this to be such a case.

For the foregoing reasons, the order of the circuit court dismissing Home's petition is affirmed.

Affirmed.

KUEHN, P.J., and RARICK, J., concur.