DENNIS EASTMAN, Plaintiff-Appellee, v. STEVEN MESSNER, Defendant-Appellee (Gates McDonald, For the Use and Benefit of Meyer Material Company, Intervening Petitioner-Appellant).

First District (2nd Division) No. 1—98—1013

Opinion filed December 15, 1998.

William J. Cook & Associates, of Chicago (William J. Cook and Anthony Cacchillo, of counsel), for appellant.

Serpico, Novelle & Navigato, Ltd., of Chicago (John E. Navigato and Kevin J. O'Shea, of counsel), for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:

Pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/5 (West 1996)), an employer who has paid workers' compensation benefits to an injured employee is entitled to reimbursement where the employee recovers damages from a third party who caused the injuries. In addition, the employer may directly file suit against the third party if the employee fails to do so. In this case, plaintiff sustained injuries at work and was paid workers' compensation benefits. Plaintiff's counsel failed to file suit against the third-party tortfeasor within the statute of limitations. Further, neither the employer nor its insurance administrator filed suit against the tortfeasor. Plaintiff then filed the instant legal malpractice action against counsel. Under these circumstances, is the employer or insurance administrator entitled to be reimbursed from the proceeds of the malpractice action? Based upon the clear language of section 5(b) of the Act, the answer is no.

## BACKGROUND

Plaintiff Dennis Eastman was injured while working for Meyer Material Company (employer). He was paid workers' compensation benefits by Gates McDonald, Meyer's insurance administrator. Plaintiff retained the services of attorney Steven Messner to prosecute a personal injury action arising out of the incident. However, the attorney failed to file suit within the statute of limitations and plaintiff filed this legal malpractice action against the attorney. The insurance administrator filed a petition to intervene, on behalf of employer, alleging a lien pursuant to section 5(b). The motion was denied. The insurance administrator appeals, contending that it is entitled to a lien upon any legal malpractice recovery. We have jurisdiction pursuant to Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a).

## ANALYSIS

■ Section 5(b) of the Act provides, in pertinent part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee *** and judgment is

obtained and paid, or settlement is made with such other person, *** then from the amount received by such employee *** there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee ***.

***

*** [T]he employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

*** The employer may, at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. ***

In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee." 820 ILCS 305/5(b) (West 1996).

Two lines of cases have emerged on this issue. One line allows a lien to attach to a legal malpractice action. See *Bongiorno v. Liberty Mutual Insurance Co.*, 417 Mass. 396, 630 N.E.2d 274 (1994); *Frazier v. New Jersey Manufacturers Insurance Co.*, 142 N.J. 590, 667 A.2d 670 (1995); *Toole v. EBI Cos.*, 314 Or. 102, 838 P.2d 60 (1992); *Tallerbay v. Delong*, 68 Wash. App. 351, 842 P.2d 1023 (1993). The courts in these jurisdictions look beyond the words of the relevant statute to what they perceive to be the legislative intent. The second line prohibits a lien from attaching to legal malpractice actions. See *Fink v. Dimick*, 179 F. Supp. 354 (D. Conn. 1959); *Travelers Insurance Co. v. Breese*, 138 Ariz. 508, 675 P.2d 1327 (1983); *Mt. Pleasant Special School District v. Gebhart*, 378 A.2d 146 (Del. Ch. 1977); *Sladke v. K Mart Corp.*, 493 N.W.2d 838 (Iowa 1992). These jurisdictions rely solely upon the plain language of the statute.

Illinois law has been interpreted to recognize both lines. The Fifth District Appellate Court in *Woodward v. Pratt, Bradford & Tobin, P.C.*, 291 Ill. App. 3d 807 (1997), held that a section 5(b) lien does not apply to legal malpractice recoveries. Conversely, the seventh circuit in *Williams v. Katz*, 23 F.3d 190 (7th Cir. 1994), held that the statutory lien does apply to legal malpractice recoveries.

In *Williams*, the seventh circuit held that, under Illinois law, a workers' compensation lien attached to any recovery an employee might have, including a legal malpractice action. Although plaintiff argued that the carrier had no lien since the attorneys did not cause his bodily injury, the court stated:

"But that is not what the Act says. It recognizes an employer's lien

whenever the injury occurred 'under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages.' The injury to Williams occurred in circumstances that made his lawyers potentially liable for the consequences of the injury." *Williams*, 23 F.3d at 192.

According to the court, Williams was seeking the same damages from his attorneys that he would have sought in the medical malpractice action that the attorneys failed to pursue. The court further reasoned that if the lien were disallowed, employee would be overcompensated. Although employee contended that the damages were different in nature, *e.g.*, he was seeking damages due to the injury inflicted on him by his attorneys, not damages for personal injuries, the court found that he was being "excessively literal-minded." *Williams*, 23 F.3d at 193.

In *Woodward*, the fifth district held to the contrary. The carrier relied heavily upon *Williams*, which the *Woodward* court rejected, stating, "[w]hile we have great respect for that court, we respectfully disagree. There is no lien except by virtue of the statute. The court cannot create a lien not provided for by the statute, no matter how desirable the court may believe that result to be." *Woodward*, 291 Ill. App. 3d at 814. The court instead interpreted section 5(b) and looked to the plain language of the provision. First, it noted that section 5(b) grants employer two distinct rights: the right to have a lien on any recovery against the tortfeasor and the right to file suit against the tortfeasor should the employee fail to do so in the three months preceding the expiration of the statute of limitations period. *Woodward*, 291 Ill. App. 3d at 813. It concluded, based on the clear language of the statute, that the lien applied only to recoveries from a third-party tortfeasor.

"The plaintiff's allegedly negligent lawyers did not *cause* the injury that led to compensation payments. The third paragraph of section 5(b) states that 'the employer may have or claim a lien upon any award *** out of which such employee might be compensated from *such third party*.' [Citation.] This third party is the 'injurer' whose acts or omissions caused the expenditure of medical and hospital payments [citation], not the lawyer who was allegedly negligent in failing to sue the injurer.

*** It is important to note that the cause of action contemplated by section 5(b) is expressly stated to be a cause of action for 'injury' or 'death.' Once the limitations period expires, both the employee and the employer lose their cause of action for injury or death. The new cause of action then held by the employee against his attorney is not for injury or death. Rather, any damages recovered are for 'pecuniary injuries to intangible property interests.' [Citation.] The

legal malpractice action is personal and nonassignable." (Emphasis in original.) *Woodward*, 291 Ill. App. 3d at 814.

In sum, "[i]t is obvious that the original tortfeasor or 'injurer,' as the *Katz* court describes him, is the party that proximately caused a workers' compensation obligation to arise." *Woodward*, 291 Ill. App. 3d at 815. We agree.

■ In construing statutory provisions, we must give effect to the legislature's intent. *In re Application of the County Collector of Du Page County for Judgment for Delinquent Taxes for the Year 1992*, 181 Ill. 2d 237, 244 (1998). Since the language used by the legislature is the best indication and provides the best evidence of its intent, we first look to the words used in the statute. *In re Application of County Collector of Du Page County*, 181 Ill. 2d at 244. The words are to be given their plain and ordinary meaning. *People v. Hicks*, 164 Ill. 2d 218, 222 (1995). Where the words themselves are unambiguous, the court must give them effect without resort to external aids to glean the legislature's intent or purpose. *Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board*, 165 Ill. 2d 80, 87 (1995). "[O]nly where the statutory language is unclear may a court look beyond it." *Denton v. Civil Service Comm'n*, 176 Ill. 2d 144, 149 (1997). Where the meaning of the provision is unclear from its language, the court can " 'consider the purpose behind the law and the evils the law was designed to remedy.' " *Wagner v. City of Chicago*, 166 Ill. 2d 144, 149 (1995), quoting *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994).

■ In addition to the reasoning set forth in *Woodward* with which we agree, we also note that the first paragraph of section 5(b) states: "*Where the injury* or death *for which compensation is payable under this Act* was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person ***." (Emphasis added.) 820 ILCS 305/5(b) (West 1996). We find this language to be of particular import. It demonstrates that the statute does not encompass *any and all* injuries, but only an injury that is compensable pursuant to the Act. In other words, the statute refers to the injury suffered by an employee that gives rise to payment of workers' compensation benefits. It cannot be reasonably interpreted to include injuries caused by counsel. Counsel's injury is not the injury that led to the compensation payments. "The third paragraph of section 5(b) states that 'the employer may have or claim a lien upon any award *** out of which such employee might be compensated from *such third party*.' [Citation.] This third party is the 'injurer' whose

acts or omissions caused the expenditure of medical and hospital payments [citation], not the lawyer who was allegedly negligent in failing to sue the injurer." *Woodward*, 291 Ill. App. 3d at 814. A legal malpractice recovery is not "compensation *** payable under this Act."

We decline to follow *Williams* because of what we perceive to be its failure to consider all the language of section 5(b). The court in *Williams* relied on the following language: " 'under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages.' " *Williams*, 23 F.3d at 192, quoting 820 ILCS 305/5(b) (West 1996). The opinion does not, however, mention the prefatory language: "Where the injury or death for which compensation is payable under this Act was caused ***." 820 ILCS 305/5(b) (West 1996). When interpreting a statute, the court must look to the statute as a whole. It is "bound to give meaning and effect to all the provisions of a statute and the court must construe a statute so that no word, clause or sentence, to the extent that it is possible to do so, is rendered superfluous or meaningless and that the court, if possible, is required to give each word, clause or sentence some reasonable meaning." *Huskey v. Board of Managers of Condominiums of Edelweis, Inc.*, 297 Ill. App. 3d 292, 295 (1998). See also *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 270 (1998). Where the language of the statute is clear, as in the instant case, the court is not in a position to question the reasoning or logic of the provision, nor to look behind the words for the legislature's intent. Only where the meaning of the provision is unclear from the language can the court " 'consider the purpose behind the law and the evils the law was designed to remedy.' " *Wagner v. City of Chicago*, 166 Ill. 2d 144, 149 (1995), quoting *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81 (1994).

For the foregoing reasons, we conclude that section 5(b) does not apply to legal malpractice actions.

## CONCLUSION

Based on the above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

GORDON, P.J., and COUSINS, J., concur.