THE VILLAGE OF OAK PARK, Plaintiff-Appellee, v. FREDERICK H. SCHWERDTNER, Defendant-Appellant.

First District (3rd Division)   No. 1—96—1783

Opinion filed May 14, 1997.

Stanley H. Jakala, of Berwyn, for appellant.

Jane M. McFetridge and Christine A. Greener, both of Brittain, Sledz, Morris & Slovak, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

The Village of Oak Park (the Village) sued Frederick Schwerdt-ner, seeking a declaratory judgment and specific performance of a contract between the parties. The trial court granted the Village's motion for judgment on the pleadings. Defendant appeals. We affirm.

Defendant is employed as a police officer for the Village. On February 11, 1994, he entered into a contract with the Village to terminate his employment. The Village agreed to credit defendant with paid sick leave, to which he was not otherwise entitled, from April 27, 1993, to May 14, 1994. In return, defendant agreed to accept the paid sick leave as a settlement of a worker's compensation claim, to withdraw his application for a disability pension, and to resign effective June 19, 1994. The Village agreed that the sick leave payment would be treated by it as a component of service creditable toward his pension with the police department. The Village further agreed to defend, indemnify and hold harmless defendant in the event of a challenge to his right to a pension based on 20 years of service. If anyone successfully challenged his right to a pension based on 20 years of service, the Village agreed to pay him the difference between the pension awarded and a pension based on 20 years of service.

After the contract was signed, the Village prepared a check for defendant's paid sick leave, withholding federal income tax. The Village and defendant disagreed about whether or not the Village should have withheld tax from that check. As a result, defendant refused to resign or otherwise perform his obligations under the agreement.

The Village then brought this action for a declaratory judgment that the contract was specifically enforceable. The parties filed cross-motions for judgment on the pleadings under section 2—615(e) of the Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1994)).

Defendant argued that the contract is based on a mutual mistake and contrary to public policy. The trial court disagreed, holding that the contract was valid and subject to specific performance.

■ We first address defendant's argument that the contract was based on a mutual mistake. To invalidate a contract because of mutual mistake, a party must show by clear and convincing evidence that a mistake has been made by both parties relating to a material feature of the contract. *Keller v. State Farm Insurance Co.*, 180 Ill. App. 3d 539, 548, 536 N.E.2d 194 (1989). A mutual mistake is one where both parties understand that the real agreement is what one party alleges it to be; then, unintentionally, a contract is drafted and signed that does not express the true agreement. See *In re Marriage of Johnson*, 237 Ill. App. 3d 381, 391, 640 N.E.2d 378 (1992); Black's Law Dictionary 1001 (6th ed. 1990) ("*Mutual mistake* is where the parties have a common intention, but it is induced by a common or mutual mistake").

■ Defendant argues there were two mutual mistakes. First, he claims that both parties were mistaken as to the tax consequences of the contract. We disagree. There is no evidence in the record or admission in the pleadings that the Village signed the contract with the mistaken belief that the payments were nontaxable. The contract is silent on tax consequences. At most, defendant has shown that he harbored a mistaken belief about the tax consequences of the contract before he signed it and that, after the contract was signed, the parties disagreed about the tax consequences of the agreement. The disagreement does not support a mutual mistake theory: that both parties understood before the contract was signed that the real agreement contemplated tax-free payments.

It is settled law in Illinois that one party's mistaken opinion about the legal effect of a contract is not sufficient to void the contract. *Holbrook v. Tomlinson*, 304 Ill. 579, 585, 136 N.E.2d 745 (1922); *Bruner v. Illinois Central R.R. Co.*, 219 Ill. App. 3d 177, 180, 578 N.E.2d 1385 (1991); *Joseph v. Lake Michigan Mortgage Co.*, 106 Ill. App. 3d 988, 992, 436 N.E.2d 663 (1982).

■ Defendant also argues that the parties mutually and mistakenly believed before the contract was signed that the sick leave payment could be counted toward creditable service such that defendant would be entitled to a 20-year service pension. Defendant contends that under the Illinois Pension Code (40 ILCS 5/3—110 (West 1994))

and Illinois insurance regulations (50 Ill. Adm. Code § 6302.40 (1996)), such payments are not considered creditable service.

Nothing in the record supports the theory that the Village, before signing the contract, believed the payments could be counted toward creditable service as a matter of law. The contract suggests the opposite. The contract anticipates the possibility of a future pension board ruling adverse to defendant with a provision to make defendant whole if the pension board so ruled. The promise of indemnification supports the argument of the Village that the contract was not signed under a mutual misunderstanding about Illinois pension law.

Defendant next argues, even absent a mutual mistake, that "the Worker's Compensation settlement agreement as part of the contract, including lump sum payments of sick leave, is contrary to the public policy of the United States Internal Revenue Code and the public policy of the Department of Insurance of the State of Illinois."

■ Courts will not enforce a contract that is contrary to public policy as reflected in the constitution, statutes or judicial decisions of the state. *Holstein v. Grossman*, 246 Ill. App. 3d 719, 725, 616 N.E.2d 1224 (1993); *O'Hara v. Ahlgren, Blumenfeld & Kempster*, 127 Ill. 2d 333, 341, 537 N.E.2d 730 (1989). A court will refuse to enforce a contract when the purpose of the contract violates the law or an established public policy. *Keating v. Estate of Golding*, 277 Ill. App. 3d 953, 957, 661 N.E.2d 541 (1996); *Shanahan v. Schindler*, 63 Ill. App. 3d 82, 379 N.E.2d 1307 (1978).

■ The purpose of this contract is to settle all of defendant's claims for worker's compensation and disability pension benefits in exchange for one year of sick pay creditable toward a pension based on 20 years of service. Defendant does not argue that this purpose violates a public policy. Rather, defendant alleges that taxing the sick leave payment and counting the payment as creditable service to achieve this result are contrary to public policy.

The first part of defendant's argument suggests that his promise to cooperate with the Village in obtaining Industrial Commission approval for the withdrawal of a worker's compensation claim violates the Internal Revenue Service policy of not taxing worker's compensation proceeds. Defendant overlooks the contract: the contract proceeds are in lieu of proceeds that might have been awarded under the worker's compensation claim. Defendant has contracted for an arguably taxable benefit in exchange for a nontaxable benefit. The defendant cites to no case that holds such an exchange to be against public policy.

The second part of defendant's argument, that the public policy of the Illinois insurance regulations in the Administrative Code

prohibits a contract that credits defendant with paid sick leave to which he was not entitled, has been waived. The issue was first raised at the close of oral argument in the trial court. It was not included in the trial briefs. The trial court properly rejected defendant's argument as untimely. An issue not timely presented to and considered by the trial court is waived and cannot be raised for the first time on appeal. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536, 662 N.E.2d 1248 (1996).

Even so, the argument is unpersuasive. The Department of Insurance regulations cited by defendant prohibit compensation for accumulated unused sick leave as a pension component. 50 Ill. Adm. Code § 6302.40 (1996). The contract makes clear that the sick leave payment was not for accumulated unused sick leave, but for sick leave to which defendant was not otherwise entitled. The payment was classified as a sick leave payment in exchange for defendant surrendering a worker's compensation claim, and further classified as a payment that would meet the test for creditable service toward defendant's pension. Whether the payment would be honored as creditable service toward his pension by the pension board is a question that cannot be answered until the pension board acts, but it does not run afoul of the prohibition applicable to accumulated unused sick leave.

Affirmed.

COUSINS, P.J., and GORDON, J., concur.