Fifth Division

May 21, 1999

1-98-0604

EMMETT CAMERON, ) Appeal from the 

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) 

)

RICHARD P. BOGUSZ, individually, and )

d/b/a RICHARD P. BOGUSZ, LTD., ERWIN )

RUBIN, individually and d/b/a )

KROLL & RUBIN, LTD., )

)

Defendants. )

________________________________________) 

) 

ERWIN RUBIN, d/b/a KROLL & RUBIN, LTD., )

)

Third-Party Plaintiff, )

)

v. )

)

JOSLYN MANUFACTURING CO.,   )

    ) Honorable

Third-Party Defendant, ) Michael J. Murray,

Intervenor-Appellee. ) Judge Presiding.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Emmett Cameron entered a settlement agreement with his employer, Joslyn Manufacturing Co. (Joslyn), paying Joslyn $60,000 in exchange for its discharge of a workman's compensation lien it had filed against the proceeds of Cameron's legal malpractice claim.  While settlement negotiations were taking place, an opinion was filed in the Appellate Court, Fifth District, holding that an employer may not assert a lien against damages recovered in an employee's legal malpractice action.  Subsequently, Cameron sought rescission of the settlement, arguing that he was unaware of the appellate court decision at the time of the settlement.  The circuit court denied Cameron's motion to rescind the agreement and adjudicate the lien.  He appeals, raising in issue whether his reliance upon federal case law, later repudiated by a State appellate court, justifies rescission of the settlement.

On February 8, 1988, Cameron, an employee of Joslyn Manufacturing, was injured during the course of his employment when a block of zinc oxide fell on him from a defective high lift roller and carrier assembly system.  Cameron retained the law firms of Richard P. Bogusz, Ltd., and Kroll & Rubin, Ltd., (collectively, Bogusz and Kroll) to represent him.  Bogusz and Kroll filed a claim on Cameron's behalf with the Illinois Industrial Commission; as a result of that claim, Joslyn paid worker's compensation benefits totalling $105,891.05 to Cameron.  

On November 16, 1990, Cameron, represented by other counsel, filed a complaint against the manufacturer of the allegedly defective high lift roller and carrier assembly system.  The manufacturer successfully moved for summary judgment on the ground that the action was barred by the applicable statute of limitations, which this court affirmed (
Cameron v. Industrial Kinetics, Inc.
, No. 1--92--3305 (August 5, 1993) (unpublished order under Supreme Court Rule 23)).  Consequently, Cameron filed a legal malpractice claim against Bogusz and Kroll, alleging negligence in failing to investigate and file suit within the statute of limitations period.

Joslyn filed a petition to intervene in Cameron's legal malpractice suit, alleging that it had paid Cameron the sum of $105,891.05 and, pursuant to section 5 of the Worker's Compensation Act of Illinois (the Act) (820 ILCS 305/5 (West 1994)), it possessed a valid lien in that amount upon any proceeds recovered in Cameron's pending suit against Bogusz and Kroll.
(footnote: 1)  Thereafter, Cameron settled his legal malpractice claim against Bogusz and Kroll for $250,000, resolving that suit.  At this time, Cameron also entered into settlement negotiations with Joslyn as to its lien.  Following negotiations with Joslyn, on September 26, 1997, Cameron forwarded a document, entitled "Release of Workmen's Compensation Lien," to Joslyn for signature; Cameron and Joslyn ultimately settled the asserted lien for $60,000.

Shortly thereafter, Cameron filed his "Motion to Adjudicate Workmen's Compensation Lien," alleging that, at the time he and Joslyn entered into the settlement agreement, both mistakenly relied upon 
Williams v. Katz
, 23 F.3d 190 (7th Cir. 1994) (
Williams
), which held that an employer may assert a lien for worker's compensation benefits in a related legal malpractice action filed by the injured employee.  Seeking rescission of the settlement agreement and return of the $60,000 paid in satisfaction of the lien, Cameron argued that a "new decision has emanated from the 5th Appellate Circuit," contradicting and repudiating the 
Williams
 opinion.  That case, 
Woodward v. Pratt, Bradford & Tobin, P.C.
, 291 Ill. App. 3d 807, 684 N.E.2d 1028 (1997) (
Woodward
), held
 that since "the plaintiff's allegedly negligent lawyers did not cause the injury that led to the compensation payments" the employer's lien lies against the "injurer" and not the attorneys.
  Cameron argued that, in light of the "new" case, his reliance upon 
Williams
 was a "mistake of fact" requiring rescission.  The circuit court denied Cameron's motion and he appeals.

Cameron initially contends that his settlement agreement with Joslyn satisfying the asserted lien is subject to rescission because it was based on "a mutual mistake of fact as to the law."  Specifically, Cameron maintains that both he and Joslyn entered into the settlement agreement with the understanding that a worker's compensation lien could be asserted in a legal malpractice action, relying upon 
Williams
.  Cameron deems his reliance upon 
Williams
 a "mistake of fact as to the law" in light of the 
Woodward
 opinion, filed September 8, 1997, which "disagreed" with 
Williams
 and held contrary to that case.  See 
Woodward
, 291 Ill. App. 3d at 814.  Joslyn responds that no mutual or unilateral mistake of fact occurred upon which to base the rescission of the settlement agreement, but that the mistake was one of law.

In 
Williams
, the Seventh Circuit Court of Appeals held that, under Illinois law, a worker's compensation lien attached to any recovery an employee might have, including a legal malpractice claim.  Despite the plaintiff's arguments that no lien attached because the attorneys did not 
cause
 his bodily injury, the 
Williams
 court found that the plaintiff sought the same damages from his attorneys (in the legal malpractice claim) that he would have sought in the medical malpractice action that the attorneys failed to pursue.  
Williams
, 23 F.3d at 192.

In 
Woodward
, the Illinois Appellate Court, Fifth District
, rejected the reasoning employed by 
Williams
, finding that section 5(b) of the Worker's Compensation Act grants an employer two distinct rights: the right to have a lien on any recovery 
against the tortfeasor
 and the right to file suit against the tortfeasor should the employee fail to do so in the three months preceding the expiration of the statute of limitations period.  
Woodward
, 291 Ill. App. 3d at 813; 820 ILCS 305/5(b) (West 1996).  The 
Woodward
 court concluded, based on the clear language of the Act, that the lien applied 
only
 to recovery from the third-party tortfeasor:

"The plaintiff's allegedly negligent lawyers did not 
cause
 the injury that led to compensation payments.  The third paragraph of section 5(b) states that 'the employer may have or claim a lien upon any award *** out of which such employee might be compensated from 
such third party
.' [Citation.]  This third party is the 'injurer' whose acts or omissions caused the expenditure of medical and hospital payments [citation], not the lawyer who was allegedly negligent in failing to sue the injurer.

*** It is important to note that the cause of action contemplated by section 5(b) is expressly stated to be a cause of action for 'injury' or 'death.'  Once the limitations period expires, both the employee and the employer lose their cause of action for injury or death.  The new cause of action then held by the employee against his attorney is not for injury or death.  Rather, any damages recovered are for 'pecuniary injuries to intangible property interests.' [Citation.]  The legal malpractice action is personal and nonassignable."  (Emphasis in original.)  
Woodward
, 291 Ill. App. 3d at 814.

Accordingly, an employer's purported lien pursuant to section 5(b) of the Act does not attach to an employee's legal malpractice claim against his attorneys.  See also 
Eastman v. Messner
, 302 Ill. App. 3d 526, 531, 707 N.E.2d 49 (1998) ("section 5(b) does not apply to legal malpractice actions")
(footnote: 2); 
Mosier v. Danz
, 302 Ill. App. 3d 731, 738, 706 N.E.2d 83 (1999) ("an employer may not assert a lien under section 5(b) of the Act against damages received by its employee from the employee's attorney in a legal malpractice action").  

The question in the case 
sub judice
 is, therefore, whether Cameron's "belief" (premised upon the 
Williams
 case) that Joslyn's lien attached to his malpractice claim requires rescission of the settlement and return of the $60,000 payment in satisfaction of the lien.  Although Cameron claims that "a mutual mistake of fact as to the law" occurred which mandates the rescission of the agreement fails, his argument fails.

"Illinois public policy generally favors the peaceful and voluntary resolution of disputes."  
Haisma v. Edgar
, 218 Ill. App. 3d 78, 86, 578 N.E.2d 163 (1991).  "[E]quity will not lend its aid to reform a written instrument in the absence of fraud, accident, or mutual mistake, sufficiently alleged and clearly proved."  
Darst v. Lang
, 367 Ill. 119, 122, 10 N.E.2d 659 (1937).  Absent mistake or fraud, a settlement is presumed to be valid and "conclusive on the parties thereto as to all matters included therein."  
Haisma
, 218 Ill. App. 3d at 86.  In the event of a mutual mistake of fact as to a material matter affecting the substance of the transaction an agreement may be rescinded.  
Boyd v. Aetna Life Insurance Co.
, 310 Ill. App. 547, 550-51, 35 N.E.2d 99 (1941).  In the absence of mistake or fraud, the settlement agreement will not be disturbed or set aside lightly.  
Knoll v. Swanson
, 92 Ill. App. 2d 398, 404, 234 N.E.2d 543 (1968).

In the instant case, Cameron contends that the settlement agreement was negotiated and entered into while both he and Joslyn were under the mistaken belief that the law enunciated in 
Williams
 was applicable.  He describes his reliance upon 
Williams
 as a "mutual mistake of fact as to the law."  Although Cameron deems the "mistake" one of "fact," the only "mistake" was one of failure to anticipate developments in case law and not one of "fact" material to the settlement agreement itself.  See 
Holbrook v. Tomlinson
, 304 Ill. 579, 585, 136 N.E. 745 (1922) (rescission cannot be granted for a "mistake of law, pure and simple").

A mistake of fact is a mistake, "not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in an unconscious ignorance or forgetfulness of a fact past or present material to the contract, or belief in the present existence of a thing material to the contract which does not exist, or in the past existence of a thing which had not existed."  
Boyd
, 310 Ill. App. at 555.  A mutual mistake is one where both parties understand that the real agreement is what one party alleges it to be, then, unintentionally, a drafted and signed contract does not express the true agreement.  
Village of Oak Park v. Schwerdtner
, 288 Ill. App. 3d 716, 718, 681 N.E.2d 586 (1997).  The party asserting mutual mistake must show that both parties were mistaken as to a material matter at the time of the execution of the instrument.  
Casanas v. Nelson
, 140 Ill. App. 3d 341, 346, 489 N.E.2d 358 (1986); see also 
Spies v. De Mayo
, 396 Ill. 255, 272, 72 N.E.2d 316 (1947) ("the mistake must be of fact and not of law, mutual and common to both parties, and in existence at the time of the execution of the instrument, showing that at such time the parties intended to say a certain thing but mistakenly expressed another").

Cameron's reliance on the holding in 
Williams
 when settling the case is not a mistake of fact requiring rescission.  Cameron cannot argue that the rule of law expounded in 
Woodward
 was not in existence at the time of the settlement agreement; that case was decided sometime during the parties' settlement negotiations.
(footnote: 3)  Moreover, although Cameron argues that his decision to settle was driven by his mistaken belief that 
the 
Williams
 case controlled, decisions of the federal courts construing State statutes are not binding on this court.  See 
Kelsay v. Motorola, Inc.
, 74 Ill. 2d 172, 182, 384 N.E.2d 353 (1978); 
Watson v. Hartford Casualty Insurance Co.
, 205 Ill. App. 3d 88, 92, 562 N.E.2d 1261 (1990).  Cameron, like the plaintiff in 
Woodward
, could have challenged the reasoning of 
Williams
, but chose to accept and accede to the holding of the Seventh Circuit
.  Unlike the plaintiff in 
Woodward
, who, notwithstanding the 
Williams
 case, challenged his employer's lien upon the proceeds of his legal malpractice case, Cameron opted to settle his employer's lien for a sum considerably less than the amount to which Joslyn alleged it was statutorily entitled.  

In a related vein, Cameron alternatively asserts that the settlement must be rescinded because he agreed to the settlement under a unilateral "mistake of fact as to the law."  
The requirements for rescission based upon unilateral mistake are: (1) the mistake is related to a material feature of the contract; (2) it occurred notwithstanding the exercise of reasonable care; (3) it is of such grave consequence that enforcement of the contract would be unconscionable; and (4) the other party can be placed 
in
 
statu
 
quo
.  
Brzozowski v. Northern Trust Co.
, 248 Ill. App. 3d 95, 100, 618 N.E.2d 405 (1993); 
Wil-Fred's, Inc. v. Metropolitan Sanitary District of Greater Chicago
, 57 Ill. App. 3d 16, 21, 372 N.E.2d 946 (1978).  Here, Cameron's "mistake" did not relate to a 
material
 feature of the settlement agreement.

Cameron asserts that allowing Joslyn to retain the $60,000 "would be unconscionable and a denial of fundamental justice" because Cameron's reliance on 
Williams
 was "a grave mistake."  If such reliance was a mistake, it was not the type of mistake that justifies rescission.  Allowance of rescission in the instant case would be tantamount to holding that no contract or settlement agreement would ever be final.  Subsequent or concurrent developments in the law would always operate to provide the dissatisfied party a ground to revisit an agreement, which at the time was satisfactory but in retrospect became burdensome or undesirable.  Such a result would run counter to the public policy of this State.  See 
Johnson v. Hermanson
, 221 Ill. App. 3d 582, 585, 582 N.E.2d 265 (1991) ("Public policy favors settlements and dictates that, in the absence of fraud or duress, settlements once made should be final.").  

Accordingly, the circuit court's order denying Cameron's motion to adjudicate the lien is affirmed.

Affirmed.

GREIMAN and THEIS, JJ., concur.

FOOTNOTES
1:
Kroll & Rubin, Ltd., one of the law firms being sued by Cameron for legal malpractice, sought to dismiss Joslyn's lien claim on the basis that such a claim was not authorized by the Act; on December 16, 1996, the circuit court denied the motion.

2:
The Illinois Supreme Court has granted leave to appeal on this issue.  
Eastman v. Messner
, No. 86857 (March 31, 1999), 
pet. for leave to appeal allowed
.

3:
The 
Woodward
 decision was filed on September 8, 1997.  According to the record and the parties' briefs in the case
 sub judice
, settlement negotiations 
continued 
after
 the 
Woodward
 case was filed.  The record is unclear, however, when the settlement agreement was finalized, although the record reflects that in a letter from Cameron to Joslyn (dated September 26, 1997), Cameron submitted a "release of workmen's compensation lien" form for Joslyn's signature; this letter was received by Joslyn on September 29, 1997.  Cameron's brief states that the settlement agreement occurred on September 24, 1997.  In any event, the 
Woodward
 case was filed before any settlement was finalized on or after September 24, 1997.