**Rhonda TRACY, Plaintiff–Appellant,**

v.

**KIMBERLY–CLARK CORPORATION, Defendant–Appellee,**

**and**

**Wal–Mart Stores, Defendant.**

No. 03–1042.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 11, 2003.

---

* *See In re Makari,* 708 F.2d 709 (Fed.Cir.1983).

Before MAYER, Chief Judge, MICHEL and RADER, Circuit Judges.

PER CURIAM.

Rhonda Tracy ("Tracy") appeals the order of the United States District Court for the Northern District of Illinois enforcing an oral agreement to settle her patent infringement suit against Kimberly–Clark Corporation ("KC"). *Tracy v. Jewel Food Stores, Inc.*, No. 99–C–2736 (N.D.Ill. May 10, 2001). Because the district court acted within its discretion with respect to its discovery and settlement agreement rulings, and Tracy failed to properly raise the defense of mutual mistake below, we *affirm*.

Tracy is the inventor of U.S. Patent No. 5,797,824 (" '824 patent"), which relates to a disposable diaper with padded waistband and leg-holes. Asserting the '824 patent, Tracy filed suit against KC, *inter alia*, for infringement. KC counterclaimed arguing that the '824 patent was invalid. During discovery, KC deposed Tracy and asked her to provide an analysis of a 1986 LUVS diaper. The 1986 LUVS diaper was not produced prior to Tracy's examination although it was arguably within the scope of her discovery requests. Based partly on Tracy's deposition testimony, the court entered partial summary judgment in favor of KC invalidating claims 1, 9, 10, and 14 of the '824 patent. Shortly thereafter, Tracy filed a motion for reconsideration and a motion to strike her deposition testimony concerning the 1986 LUVS diaper. The court denied both motions, and the parties entered into settlement negotiations, which resulted in an oral agreement. Tracy refused to sign the memorialized agreement, asserting that she did not intend to include future affiliates of KC in the settlement. KC moved for enforcement, and the court issued an enforcement order on May 10, 2001. Six days later, Tracy moved to set aside the settlement arguing that KC had concealed prior art in contravention of her discovery requests. The court denied the motion and dismissed the remaining claims as settled in light of the parties' agreement.

When deciding issues not unique to our exclusive jurisdiction, we apply the law of the regional circuit in which the district court sits—here, the Seventh Circuit. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed.Cir.1999) (en banc in relevant part). The Seventh Circuit applies the abuse of discretion standard when reviewing a district court's decision to enforce a settlement agreement and its discovery rulings. *Hakim v. Payco–Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir.2001) (reviewing a district court's decision to enforce a settlement agreement); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679 (7th Cir.2002) (reviewing discovery matters). Additionally, we review the court's conclusions on state law issues under the applicable state law for matters that are not committed to our exclusive jurisdiction by statute.

*Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1337 (Fed.Cir. 1998). We therefore apply Illinois law to Tracy's claim to set aside the settlement agreement on the basis of fraudulent concealment.

A settlement agreement may be set aside if it was the product of fraud or mutual mistake, or if circumstances have so changed as to make it unreasonable to enforce the agreement. *Cameron v. Bogusz,* 305 Ill.App.3d 267, 272–73, 238 Ill. Dec. 533, 711 N.E.2d 1194 (1999). Absent mistake or fraud, a settlement is presumed to be valid and "conclusive on the parties thereto as to all matters included therein." *Id.* at 272, 238 Ill.Dec. 533, 711 N.E.2d 1194 (quoting *Haisma v. Edgar,* 218 Ill. App.3d 78, 86, 161 Ill.Dec. 36, 578 N.E.2d 163 (1991)).

Tracy argues that the court abused its discretion in refusing to set aside the settlement agreement in light of KC's alleged discovery abuse. She maintains that KC's withholding of a prior art diaper deprived her of the opportunity to confer with counsel before her deposition and disabled her from making an informed settlement decision. In response, KC asserts that Tracy failed to establish that it fraudulently withheld the prior art. It further asserts that Tracy, through deposition testimony of a KC employee, was aware that KC manufactured training pants.

▌ Due to Tracy's failure to present evidence that KC wrongfully withheld allegedly responsive prior art, the court determined that she could not satisfy the elements of fraudulent concealment. *Transcript of Proceedings* (July 2, 2001) at 6, II. 14–25—7, II. 1–16. It then concluded that Tracy's post-settlement discovery of alleged prior art was an insufficient basis for setting aside the oral agreement because she was aware, through other avenues of discovery, that KC produced train-ing pants. *Id.* Because Tracy failed to proffer any evidence to substantiate her fraud allegation, and because the court's ruling did not result in actual and substantial prejudice to Tracy, we will not disturb its exercise of discretion.

Tracy next argues that the court should have set aside the settlement agreement on the basis of mutual mistake. KC responds, and we agree, that Tracy waived this argument because she failed to properly assert it below. A litigant seeking to show that the district court erred in overlooking an argument must first present that argument to that court. *Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed.Cir.2002).

Finally, Tracy challenges the court's ruling upholding the settlement agreement. She posits that there was no meeting of the minds with regard to the affiliates provision of the agreement. KC responds that the parties reached a binding oral agreement in the court's chambers, and that Tracy never mentioned its affiliates during the initial settlement talks or the following conference. It points out that Tracy insisted upon the inclusion of a list of affiliates months after they had reached an agreement. KC maintains that Tracy's continued refusal to sign the agreement was unwarranted since it complied with her request.

State law applicable to contracts governs questions regarding the construction and enforcement of settlement agreements. *Lynch, Inc. v. SamataMason Inc.,* 279 F.3d 487, 490 (7th Cir.2002). Illinois enforces an oral agreement to settle if there is an offer, an acceptance, and a meeting of the minds regarding the terms. *Pritchett v. Asbestos Claims Mgmt. Corp.,* 332 Ill. App.3d 890, 896, 266 Ill.Dec. 207, 773 N.E.2d 1277 (2002). A meeting of the minds between the parties occurs where

there has been assent to all the essential terms and conditions. *Id.*

During Tracy's deposition, the parties engaged in initial settlement negotiations and the transcript from that deposition reflects that they reached an agreement, subject to written memorialization. As a result of stalled efforts, however, the court scheduled a settlement conference on March 15, 2001, where it observed that the parties simply renegotiated the future claim release into a fee-shifting provision. It further observed that Tracy never expressed concern about KC's affiliates during those negotiations, and the record is devoid of any objection by Tracy on that basis. However, Tracy refused to sign the written agreement and insisted upon the inclusion of a list of KC's affiliates to the agreement. Complying with Tracy's request, KC incorporated a list of its affiliates but Tracy again refused to sign the agreement.

The court in its May 10, 2001, order concluded that the parties had reached a complete and final agreement to which they mutually assented. After the court issued its order, counsel for both parties signed and submitted a stipulation and order dismissing the claims and counter-claims with prejudice, in light of their settlement agreement. We view this signature as an unequivocal admission by Tracy that there was an offer, an acceptance, and a meeting of the minds on the terms of the agreement, such that no more was required to create an enforceable agreement. *See Lampe v. O'Toole*, 292 Ill.App.3d 144, 146, 226 Ill.Dec. 320, 685 N.E.2d 423 (1997). Because the evidence supports the court's determination that a complete and final agreement existed, we will not disturb its enforcement order.