**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 7, 2008[*]
Decided July 7, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1932

| | |
|---|---|
| ELIZABETH ZILBERSTEIN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 04 C 3777 |
| KENDALL COLLEGE, | |
| *Defendant-Appellee.* | John W. Darrah, |
| | *Judge.* |

**O R D E R**

Elizabeth Zilberstein sued Kendall College, claiming that it fired her based on her sex, national origin, and age. After three years of wrangling in the district court—including the recruitment and then withdrawal of two lawyers to represent Zilberstein—the parties orally agreed to a settlement at a conference overseen by a magistrate judge. At the close of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

the conference the parties went on the record and Zilberstein confirmed that she understood the general terms of the agreement: in exchange for $4,500, she would dismiss her suit with prejudice, release any other claims, keep the terms of the settlement confidential, and not be eligible for reinstatement.

After the conference, Kendall's lawyer drafted a written settlement agreement, but Zilberstein refused to sign. She told the magistrate judge that she was concerned that the agreement would prevent a former supervisor at Kendall from giving anything more positive than a neutral reference and that the agreement barred her from talking to a mental health care provider about her employment at Kendall. Kendall drafted a revised agreement in an attempt to meet Zilberstein's concerns, but she again refused to sign. When Kendall moved to enforce the settlement agreement, Zilberstein added a new objection to the agreement, namely that it had been based on a mistake. She explained that during the settlement conference she had been informed that if she pursued her claim, she would not be allowed to use the notes she had taken during her employment. Zilberstein did not tell the district court who so informed her, but on appeal she claims that it was the magistrate judge. In any event, Zilberstein explained that her decision to renege on the oral agreement was based on later advice from an attorney that she could, in fact, use her notes in any litigation. Without holding a hearing, the district court granted Kendall's motion to enforce the settlement agreement. It characterized Zilberstein's claim as one of unilateral mistake and rejected it based on a finding that because Zilberstein knew herself to have limited legal expertise, she bore the risk of a mistake of law. *See* RESTATEMENT (SECOND) OF CONTRACTS §§ 153, 154.

We review the district court's enforcement of a settlement agreement for abuse of discretion. *See Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). We apply state law, in this case that of Illinois, to determine whether there was an agreement. *See id.* But because this is an employment discrimination case brought under federal law, any settlement agreement must also be "knowing and voluntary" under federal law. *See id.* at 507 & n.4. The district court, which issued its ruling before our opinion in *Dillard* clarified the question of how state and federal law are to be applied, analyzed the agreement under state law only. It found the agreement valid because there was an offer, acceptance, and meeting of the minds. That is a correct application of Illinois law, *see id.* at 507, and based on the transcript made at the conclusion of the settlement conference, we hold that the court's finding was not an abuse of discretion. It was error for the district court to use the Restatement's test for unilateral mistake since Illinois law applies a slightly different test, *see, e.g. Cameron v. Bogusz*, 711 N.E.2d 1194, 1198 (Ill. App. Ct. 1999), but that error is immaterial because, under Illinois law, a unilateral mistake never voids an oral settlement

agreement.  *Stover v. Mitchell*, 45 Ill. 213, 215-16 (1867); *Kim v. Alvey, Inc.*, 749 N.E.2d 368, 378 (Ill. App. Ct. 2001).

After finding that the agreement was valid under Illinois law, the district court should have applied the "knowing and voluntary" test required by federal employment law.  *Dillard*, 483 F.3d at 507.  Applying the test ourselves, *see Riley v. Am. Family Mut. Ins. Co.*, 881 F.2d 368, 373 (7th Cir. 1989), we hold that Zilberstein did not produce enough evidence to show that her assent was not knowing and voluntary.  *See Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 437-38 (7th Cir. 1997) (holding that plaintiff has burden of production over question whether agreement was knowing and voluntary).  Although Zilberstein has argued before this court that her assent was based on defective advice from the magistrate judge, she told the district court only the following: "I was informed that I would not be able to use my notes, document [sic] to defend my case."  She failed to elaborate on this vague assertion, and she failed to provide any evidence in support of it.  *See Tibbs v. City of Chicago*, 469 F.3d 661, 663 n.2 (7th Cir. 2006) (mere allegations are not "evidence").  Zilberstein's claim that her assent was based on a mistake is in the right ballpark to make an argument that it was not knowing and voluntary, *see Riley*, 881 F.2d at 373 (defining "knowing" as  "done voluntarily and purposely, and not because of a mistake or accident"), but because she did not carry her burden of producing evidence to prove it, *see Pierce*, 100 F.3d at 437-38, we affirm.  Finally, because the district court did not abuse its discretion in enforcing the settlement agreement, the other arguments that Zilberstein raises in her brief are moot.

AFFIRMED.